The Baldridge & Courtney Bridge Company v. David Cartrett.

No. 2740.

1. **Pleading—Proximate Result.**—In an action for damages against a bridge owner for injury to plaintiff, his wagon, and team, from the unsafe condition of the railings of the bridge, the allegation was "that plaintiff stopped to pay his toll at the usual place, * * * when his mules, for some reason unknown to him, became frightened and commenced to push the wagon backward. The plaintiff used every possible exertion and means within his power to urge them forward, but before he could get control of the animals the wagon struck against the railings of the bridge, which immediately gave way," the wagon, etc., falling, inflicting injury, etc. *Held*, that the allegation sufficiently alleged the injury to be the proximate result of the condition of the bridge.

2. **Opinion of Nonexpert.**—A witness not an expert was improperly allowed to testify touching the condition of the bridge, as follows: "Judging from its appearance and my inspection of said bridge I should think it did need repairs."

3. **Same.**—It was error to permit a witness to testify: "I don't know anything about a bridge of that kind; it seemed to be good except the sidings, which were *shabby*."

4. **Leading Questions to Witness.**—The following question was improper, as leading: "Are not ordinary animals, such as are ordinarily used on farms, apt to be frightened and nervous and skittish when driven on plank roads and bridges?" The witness answered, "Yes." It was error to admit the question and answer.

5. **Res Gestæ.**—The plaintiff remained in the wagon until it fell from the bridge, and his injuries were in part the cause of action. He was properly allowed to testify to his thoughts at the time, that the railing would stop the wagon, as reason for not leaving the wagon before it fell from the bridge.

6. **Charge.**—Damages were sought for personal injuries, and for injuries to the wagon and team of plaintiff. There was testimony to all. Under such state of facts it was not error to refuse an instruction that if the plaintiff by proper care could have gotten out of the wagon before the fall, to find for the defendant.

7. **Duty of Bridge Owner.**—It is the duty of the owner of a toll bridge to keep safe railings, so as to guard against danger from frightened teams, although such fright be not caused by any want of care on part of said owner.

8. **Charge Upon Undisputed Facts.**—The personal injuries being undisputed, it was not error in the court to submit *physical pain and suffering* as elements of actual damages upon finding for the plaintiff.

Appeal from Washington. Tried below before Hon. C. C. Garrett. The opinion states the case.

*Searcy & Garrett*, for appellant.—1. The court erred in overruling the demurrers of the defendant to the plaintiff's petition, the same showing on its face that there was an intervening act which caused the injury complained of, for which the defendant was not responsible.

The intervention of an independent act between the wrong complained of, and which act was the immediate cause of the injury, is the test of the remoteness of damages which forbids a recovery. The fact of the mules of the appellee becoming frightened after entering upon the bridge, without fault on the part of appellant, and appellee losing control of his team, was the proximate cause of the injury. Brandon v. Mfg. Co., 51

Texas, 126; Seale v. Railway, 65 Texas, 275; Bryant v. Burge, 3 Ct. App.
C. C., sec. 371; Davis v. Dudley, 4 Allen, 557; Palmer v. Andover, 2
Cush., 600; Fogg v. Nahant, 98 Mass., 578; Jackson v. Bellview, 30
Wis., 250; Spaulding v. Winslow, 74 Me., 528; Titus v. Northbridge, 97
Mass., 258; Shearm. & Redf. on Neg., secs. 416, *et seq.*

2.   In cases involving the question of negligence *vel non* the rule is
that the opinion of a witness is not admissible, but facts alone should be
stated, leaving the jury to determine, under proper instructions from the
court, the issue as to negligence.   Railway v. Reason, 61 Texas, 617;
Wagoner v. Ruply, 69 Texas, 705; Ross v. Kornrumpf, 64 Texas, 395;
Railway v. Burnett, 3 Ct. App. C. C., sec. 236; Burnham v. Walker, 1
Ct. App. C. C., sec. 902; Clardy v. Collicoate, 24 Texas, 173; 1 Greenl.
on Ev., 440.

3.   The sufficiency of the railing was a question to be passed on by the
jury from facts to be testified to before them by witnesses, and the
thoughts and opinions of witnesses as to its sufficiency or insufficiency
were not proper to go before the jury as evidence.

4.   The court erred in permitting the appellee's attorney, over defend-
ant's objection, to ask the appellee the following questions, to-wit: "Are
not ordinary animals, such as are ordinarily used on farms, apt to be
frightened and nervous and skittish when driven on plank roads and
bridges," etc., and in admitting the answer of the witness thereto,
"Yes," because the question was leading in its character and suggested
the desired answer, and the answer was incompetent and irrelevant.
Trammell v. McDade, 29 Texas, 360; West v. The State, 2 Texas Ct.
App., 474; 1 Greenl. on Ev., secs. 434, 435, 447.

5.   To entitle the plaintiff to recover damages for injuries arising out
of the culpable fault or negligence of the defendant, the burden of proof
is upon the former to show that the latter was negligent, and that he at
the time used ordinary care, such as an ordinarily prudent person similarly
situated would have used to avoid the injury complained of.   Railway v.
Hester, 72 Texas, 42; Railway v. Burnett, 3 Ct. App. C. C., sec. 237;
O'Niel v. Davis, 1 Ct. App. C. C., sec. 237; Railway v. Sharp, 3 Ct. App.
C. C., sec. 328; Hoover v. Railway, 61 Texas, 505; 6 Wait's Act. and
Def., 588; 1 Hill. on Torts, p. 134; Pierce on Rys., p. 382.

6.   The team of the plaintiff having become frightened at something
for which the defendant was in no wise responsible, and got beyond the
control of the driver and ran the wagon off the bridge, causing the in-
jury complained of, the bridge company is not liable for the defect in
the bridge, if any, if it was not the sole producing cause of the accident.

7.   The court erred in giving the charge asked by the plaintiff as fol-
lows:   "The jury will also consider as actual damages the physical pain
and suffering experienced by the plaintiff resulting from the alleged in-
jury," because the same assumes that the plaintiff did suffer, and is a

charge on the weight of evidence.  It is improper for the judge to charge or comment on the weight of the evidence.  He should not assume any fact as having been established, for this is an infringement upon the province of the jury.  Railway v. Murphy, 46 Texas, 367; Dwyer v. Bassett, 63 Texas, 274.

8.   To entitle the plaintiff to recover he must show that the defendant company was guilty of negligence in the construction and maintenance of their bridge, and that he in no manner contributed to the injury received.   Railway v. Hester, 72 Texas, 42, 43; Railway v. Sharp, 3 Ct. App. C. C., sec. 328; Railway v. Burnett, 3 Ct. App. C. C., sec. 237; 6 Wait's Act. and Def., 588; Field on Dam., secs. 32, 167, 170; 1 Hill. on Torts, p. 134; Pierce on Rys., p. 382.

*Bryan & Campbell*, for appellee.—1.   The law gives damages arising from any neglect or insufficiency of said bridge.   Rev. Stats., art. 644; Railway v. Hamilton, 66 Texas, 95; Shearm. & Redf. on Neg., 3 ed., secs. 253, 416, and notes; Williams v. Turnpike Co., 4 Pick., 341; Titcomb v. Railway, 12 Allen, 254; Clark v. Ferry Co., 35 N. Y., 485.

2.   Appellee's testimony as to what motives actuated him at the time of the accident was admissible in order that he might meet the charge of contributory negligence, it being in the nature of *res gestæ*, and as such explanatory of his conduct.   Railway v. Shafer, 54 Texas, 641; Railway v. Collier, 62 Texas, 318.

3.   The question of contributory negligence was fully and fairly submitted to the jury by the court in its charge.   Ins. Co. v. Ice Co., 64 Texas, 578; Railway v. Medaris, 64 Texas, 92.

4.   Under the undisputed facts of the case no other verdict than one for the plaintiff could have been found; and the damages assessed were reasonable and supported by the facts.   Hussey v. Moser, 70 Texas, 45; Allbright v. Corley, 40 Texas, 105; Carter v. Eames, 44 Texas, 544; Railway v. Delahunty, 53 Texas, 212; Dailey v. Starr, 26 Texas, 566; Patton v. Gregory, 21 Texas, 519, 520; Cole v. Noble, 63 Texas, 433.

GAINES, ASSOCIATE JUSTICE.—The appellant is a corporation maintaining a toll bridge across the Brazos River.   The appellee attempted to cross the bridge in a wagon drawn by a pair of mules, which he was driving, but after he had got upon it the mules, becoming frightened, backed the wagon against the railing, which gave way and precipitated wagon, mules, and driver to the ground below.   The wagon and mules were damaged and appellee was injured in his person.   He brought this suit to recover damages of the corporation owning the bridge, and obtained a verdict and judgment for $4000.

A demurrer was interposed to the petition on the ground that "there was an intervening act which caused the injury complained of, for which

the defendant was not responsible." We understand the proposition to be that the accident was not the proximate result of the alleged defect in the bridge. The allegation which is pointed out as showing this is as follows:

" That he [meaning plaintiff] stopped to pay his toll at the usual place at which defendant is accustomed to receive its tolls from passengers over said bridge, when his mules, for some reason unknown to plaintiff, became frightened and commenced to push the wagon backward. That plaintiff used every possible exertion and means within his power to urge them forward, but before he could get control of the animals the wagon struck against the railing or siding of the bridge, which railing immediately gave way, and plaintiff, together with his wagon and mules,   *   *   *   was precipitated to the ground below, a distance of over seventeen feet." It was also alleged that the railing was defective, and that the injuries complained of resulted from the fall.

If the facts so alleged be true, the damages were the immediate result of the negligence of the defendant in failing to keep the railing in a safe condition. The petition was sufficient.

Upon the trial the following answer of a witness, not shown to be an expert, was read to the jury, over the objection of defendant: "I do not know how long before said accident since said bridge had been repaired; judging from its appearance and my inspection of said bridge, I should think it did need repairs; the same sidings and uprights were replaced after the accident; the nails put in the same old holes. Nothing else occurs to me as to the condition of said bridge."

The objection was upon the ground that the answer gave the opinion of the witness, and was therefore incompetent; and we think the objection well taken to that part of the answer which reads, "Judging from its appearance and my inspection of said bridge, I should think it did need repairs." This was clearly a matter of opinion. The witness should have stated the facts.

The same may be said of so much of the testimony of the witness Sullivan as was objected to by defendant. It is as follows: "I don't know anything about a bridge of that kind. It seemed to be good, except the sidings, which were shabby." To say that the sidings were "shabby" does not state a fact, but merely conveys the witness's opinion of their condition, and that, too, in a very indefinite manner.

The following question to plaintiff himself while on the stand was objected to by defendant, on the ground that it was leading: "Are not ordinary animals, such as are ordinarily used on farms, apt to be frightened and nervous and skittish when driven on plank roads and bridges?" etc. The question was allowed to be asked, and the witness answered, "Yes." This was error. The question both suggested the desired response and admitted of the answer yes or no. It was clearly leading. It was not, however, irrelevant. The fact that the horses and mules that

ordinarily crossed the bridge (and we presume some of them were farm animals) were liable to become frightened in crossing it, if it were a fact, tended to show the necessity of having the bridge well protected by railings.

For the errors of the court in admitting the testimony hereinbefore considered, the judgment must be reversed.

During the trial the plaintiff was also permitted to testify on his own behalf as follows:

"I drove on the bridge and stopped to pay toll. While I was getting money from my pocket the mules got scared at something and began to back, and I at once changed the lines from my right to my left hand, and grabbed my whip with my right hand, and commenced whipping the mules to keep them from backing, but they kept backing. While the mules were backing I looked around and saw the railings on the bridge, and thought to myself, 'As soon as you strike there you'll stop,' and made no effort to get out of the wagon, but felt safe, because I thought that it was strong like other bridges, and would stand."

This was objected to on the ground that his thoughts about the safety of the bridge was a mere matter of opinion. The objection was properly overruled. The defense was set up that he was guilty of contributory negligence, and that he might have saved himself from injury by jumping from his wagon before it fell. It was proper for him in the emergency to act in accordance with the circumstances as they appeared to him. If he thought that the siding was sufficiently strong to stop the wagon, he was not negligent in not leaving the wagon.

The court did not err in refusing to give to the jury the charge asked by the defendant, to the effect that if the plaintiff could have gotten out of the wagon after the mules commenced to back and before the wagon struck the railing, and by so doing could have prevented the injury, and that under the circumstances ordinarily prudent men would have gotten out of said wagon, then the plaintiff would not be entitled to recover.

The plaintiff may have been entitled to recover for injuries to his wagon and mules, although by the exercise of ordinary care he may have escaped injury to his person. If the plaintiff was aware of the danger of the railing giving away, and could by the use of such means as a prudent man would have ordinarily exercised have escaped it, he was not entitled to recover for personal injuries. An instruction to that effect would have been proper.

Neither was there error in refusing the following instruction asked by defendant: "If the jury believe from the evidence that at the time of the accident that the plaintiff's team was frightened, and that said team became unmanageable on account of plaintiff whipping them, if he did whip them, and trying to urge them forward while on said bridge, and but for said conduct towards said team his said team would not have be-

come unmanageable, and said accident would not have occurred, you will find for the defendant."

If it could be assumed that the plaintiff knew that whipping his mules would cause them to go backward and not forward, the instruction may have been proper. Whether it was ordinarily prudent or not to whip the mules under the circumstances was a question for the jury.

The following instruction asked by defendant was also properly refused: "If the jury believe from the evidence that the mules of the plaintiff became frightened after entering upon said bridge, if they did become frightened, without fault on the part of the defendant, and commenced to back the wagon and ran it against a portion of the railing which had been passed by the plaintiff before his team became frightened, and knocked the railing off and precipitated the wagon and occupants to the ground, then you will find for the defendant."

It is not to be assumed that it was not the duty of the defendant to provide safe railings to its bridge in order to guard against accidents to frightened teams, although the fright was not caused by any act of commission or omission on its part.

The instruction that "the jury will also consider as actual damages the physical pain and suffering experienced by the plaintiff resulting from the alleged injury," was not objectionable as being a charge upon the weight of the evidence. It was an undisputed fact that plaintiff, as a result of the accident, had three of his ribs and the bones of one of his legs fractured. He was confined to his bed for some months. Under such circumstances it was not error to assume that he suffered some pain as the result of the injury. We understand the rule in civil cases to be that in charging the jury the court may assume the existence of the uncontroverted facts of the case.

The language of counsel for plaintiff in his closing argument, to which exception was taken by defendant, was decidedly improper, but since the judgment will be reversed, and it will not likely be repeated upon another trial, we need not determine whether or not it afforded a sufficient ground for setting aside the verdict.

The other assignments submit that the verdict is contrary to the evidence upon the issue of contributory negligence, and that the damages found by the jury are excessive. In view of a new trial, we do not deem it proper to discuss the evidence bearing upon these questions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 21, 1890.