R. J. LOVING v. THE STATE.

No. 2689. Decided December 17, 1902.

**1.—Embezzlement by Secretary of a Lodge—Fiduciary Relation.**

Where, by the rules of an Odd Fellows lodge, the duty of receiving moneys due the lodge is devolved upon a "permanent secretary," and the testimony showed the defendant was "recording and financial secretary," but failed to show that he was the "permanent secretary"; Held, the fiduciary relation constituted by the statute of embezzlement is not sufficiently shown.

**2.—Same—Minor Degree—Charge.**

On a trial for embezzlement of money, where it appeared that the money came into the hands of defendant in small amounts, at various times; Held, it was error for the court to fail to submit, in the charge, the issue of petty embezzlement of money of less amount than $50.

**3.—Degrees of Offense.**

Where there is a doubt of the grade of the offense, the jury should be instructed appropriately in regard to the minor degrees, as the presumption is that defendant is innocent of the greater offense.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of embezzlement; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Hale, Allen & Dohoney,* for appellant.—The court erred in refusing to grant appellant's motion for a new trial on the first ground contained in said motion, because the verdict of the jury and the judgment of the court is not sustained by the evidence in the case in the following respects: 1. The evidence fails to show that it was defendant's duty, as recording and financial secretary of Wildey Lodge No. 21, I. O. O. F., to receive any money for said lodge. 2. It fails to show the $205 alleged to have been embezzled by defendant had any value. 3. It fails to show that the defendant ever appropriated or converted any of said money to his own use. Especially does it fail to show that he ever appropriated, or converted as much as $50 of said money at any one time. 4. It fails to show any fraudulent act, concealment or intent on the part of the defendant, but does show that he did not believe he owed the lodge anything; that if he did owe anything, he was willing and able to pay it when it should be ascertained what amount, if any, he owed, and that he did pay the same when it was ascertained. And further shows that the amount he did owe was arrived at from defendant's books, kept in his own handwriting, and there was no misrepresentations, concealment or attempt at concealment on the part of defendant.

The burden of proof was on the State in this case to show beyond a reasonable doubt that it was defendant's duty, as recording and financial secretary of said lodge, to receive the money alleged to have been embezzled, and that he did receive it by virtue of said office.

The only evidence in the record of anyone's duty to collect money

for said lodge is as follows: Section 51, By-laws: "The permanent secretary (or secretary should there be no permanent secretary) shall keep a just and true account between the lodge and its members, he shall receive all moneys due the lodge, and pay the same over to the treasurer, taking his receipt for same." Johnson v. State, 21 Texas, 775; Gaddy v. State, 8 Texas Crim. App., 128, 129; Taylor v. State, 29 Texas Crim. App., 502.

The court erred in his charge in that he failed to instruct the jury that before they could find defendant guilty of a felony in this case, they must find that he fraudulently converted as much as $50 at one and the same time, but tells them that the defendant would be guilty of a felony if he embezzled as much as $50 during the entire period covering his term of office.

Under the facts in this case, the court should have instructed the jury that unless it appeared from the evidence that the defendant had converted $50 or more at one and the same time, they could not convict him of a felony.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of embezzlement, and given three years in the penitentiary.

The indictment alleges that appellant was agent, employe, officer, recording and financial secretary, of the Odd Fellows lodge, and that as such agent, employe, and officer, recording and financial secretary, he embezzled $205, lawful current money of the United States of America, which had come to his possession and under his care by virtue of such agency, office, and employment. A brief synopsis of the evidence for the purposes of this opinion may be thus stated: Appellant was holding the office indicated in the indictment, and received money in small sums, due to the lodge, ranging from a few dollars to $50 in amount; the total aggregating something over $700, as claimed by the lodge. In making out his returns to the grand lodge of the order, he only accounted for $501. A committee was appointed by the lodge to investigate the matter. There were two or three attempted meetings between this committee and appellant, and finally a meeting between the committee and appellant's attorney; the lodge claiming a deficit of $226, and appellant asserting he owed the lodge nothing. This alleged discrepancy led to heated discussion in the lodge room, as well as with the committee; appellant becoming angry and used denunciatory language, asserting most emphatically that he owed the lodge nothing, but, if by arbitration it was discovered that he did, he was ready and willing to pay it. Finally Brooks was selected to arbitrate the matter, and upon his decision appellant paid over $177, which seems to have settled the matter, so far as any deficiency is concerned. Appellant was the secretary of this lodge from the 10th of January until the 10th of July,

and the theory of the State is that this money was collected during that time, and the evidence was introduced in support of this theory. From the receipt book, two or more of the receipts had been torn out. This is not shown to have occurred while defendant had charge of the book, and when those receipts were taken from the book is not made to appear.

There are several questions raised as to the sufficiency of the evidence. One contention is that the evidence fails to show that appellant occupied the position in the lodge which authorized him, by virtue of his office, to receive the money due the lodge. The language employed in the statement of facts tends to substantiate this proposition. It seems that under the rules of the lodge the "permanent secretary" was the officer upon whom devolved this duty. Whether the "recording and financial secretary" is the "permanent secretary," or whether they are different officers, is not explained. If the permanent secretary is a different officer from the recording and financial secretary, and it is the duty of the permanent secretary, as such officer, to receive the money, and it was not the duty of the recording and financial secretary to receive it, then the fiduciary relation constituted by the statute of embezzlement is not shown. Matters of this serious character should not be left in this confused condition, where the liberty of a citizen is involved. It is also contended that the evidence is not sufficient to support the conviction. While we pretermit deciding this question, yet we will say that the evidence is not satisfactory. The same may be said in this case as in the Stallings case, 29 Texas Crim. App., 220,—that it partakes more of an adjustment of a court of civil jurisdiction than in a criminal trial. It may be that upon a full elucidation of the facts the matter can be made to appear differently. It occurs to us that the evidence of fraud is not satisfactory.

There is a question which clearly requires a reversal of the judgment. The money came into the hands of appellant in small amounts at various times. If, in fact, any of it was embezzled, it was shown by circumstances only; that is, simply by reason of the fact that he received the money, and, in making out his grand lodge report, failed to account for all of it in that report. The State did not undertake to prove or show embezzlement, except the two facts that the money passed into his hands, and it was not accounted for in the grand lodge report. It is not attempted to be shown that he used any of the money. The court submitted only the theory of a felonious embezzlement. The question was properly raised in the trial court, and is submitted here, that the issue of a petty embezzlement should have been given in the charge. If there was an embezzlement of any amount, and that amount was less than $50, appellant was not guilty of a felony; and, in the absence of testimony satisfactorily showing a felonious embezzlement, the inferior degree of the offense should have been submitted to the jury. On issues of fact the accused is entitled to the benefit of the doubt. When there is a doubt of fact as to the grade of the offense, the jury

should be instructed·appropriately in regard to the minor degree. The presumption obtains that, as between felony and misdemeanor, there being issues upon those questions, the accused is innocent of·the greater offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*