William Goodsoe v. The State.

No. 4062. . Decided February 26, 1908.

**1.—Embezzlement—Charge of Court—Definition of Offense.**

Where defendant was upon trial for embezzlement, the court in his charge should have applied the law of embezzlement to the facts in the case, instead of simply giving a general definition of the offense.

**2.—Same—Charge of Court—Reasonable Doubt.**

Upon trial for embezzlement, where the court charged that if the jury should believe from the testimony in the case that defendant was not guilty beyond a reasonable doubt as charged in the indictment, to acquit, the same shifted the burden of proof from the State to the defendant, and was error.

**3.—Same—Evidence—Leading Questions.**

Upon trial for theft, the question by the State's counsel: "The night before did you see A. B. T. and W. G., and you knew all these parties, and you knew T.'s little black horse and you heard them make an appointment?" was leading, and suggestive of the answer desired.

Appeal from the District Court of Dallam. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of embezzlement; penalty, a fine of $50 and sixty days confinement in the county jail.

The opinion states the case.

*C. J. Carter & H. W. Clark,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains several counts, charging theft and embezzlement. The court submitted both phases. The jury convicted of the latter.

The charge in regard to embezzlement is as general as the statute, and is as follows: "You are also charged as to the law in this case relative to the charge of embezzlement, that if any officer, agent, clerk, or attorney-at-law or, in fact, servant or employee of any private person, copartnership or joint stock association or any consignee or bailee of money or property shall embezzle, fraudulently misapply or convert to his own use, without the consent of his principal or employer any money or property of such principal or employer, which may have come under his care by virtue of his office, agency or employment, he shall be punished in the same manner as if he had committed theft of such money or property." This is the only allusion to the charge of embezzlement

in the entire instructions of the court to the jury. Upon another trial, the jury should be instructed in regard to the law as it applies to the facts in the case.

To the following portion of the charge, exception was reserved: "But should you believe from the testimony in the case that defendant is not guilty beyond a reasonable doubt as charged in the indictment," etc. This charge, it occurs to us, is wrong, and shifts the burden. The jury are not required to believe beyond a reasonable doubt the defendant is not guilty in order to acquit; if there is a reasonable doubt of his guilt, the jury should acquit. Such is the theory of our law as enunciated in the statute. A few of the authorities may be cited: McMillan v. State, 7 Texas Crim. App., 142; Robertson v. State, 9 Texas Crim. App., 209; Smith v. State, 9 Texas Crim. App., 150; Wallace v. State, 9 Texas Crim. App., 299; Blocker v. State, 9 Texas Crim. App., 279; Haynes v. State, 10 Texas Crim. App., 481; Dyson v. State, 13 Texas Crim. App., 402; McNair v. State, 14 Texas Crim. App., 78; Wagner v. State, 17 Texas Crim. App., 554; Brinkoeter v. State, 14 Texas Crim. App., 67; Graham v. State, 61 S. W. Rep., 714; and Landers v. State, 63 S. W. Rep., 557. The charge is erroneous under these authorities.

The witness Dellinger was asked and permitted to answer in the affirmative the following question: "The night before did you see A. B. Turner and William Goodsoe, and you knew all these parties, and you knew Turner's little black horse, and you heard them make an appointment?" Exception was reserved to this, among other things, because it was leading and suggestive of the answer. The testimony is very weak in the case, if in fact it be sufficient. The effort of the State was to show if possible the co-operation of the parties at the time that certain linseed oil was taken from a certain house under the control of appellant. The further theory of the State was that Alford and Turner were operating with appellant in the supposed embezzlement of the property. This question and answer were not only leading, but suggestive of the answer desired from the way it was asked, to show the co-operation of the parties, which the State was seeking strenuously to prove. We are of opinion as presented, the objection to this question and answer was well taken. See Ripley v. State, 100 S. W. Rep., 943, and for collation of the authorities, see page 946. Some of the cases cited in support of this proposition are as follows: Davis v. State, 43 Texas, 189; Railway v. Hammond, 92 Texas, 509; Railway v. Dalwigh, 92 Texas, 655; Bridge Co. v. Cartrett, 75 Texas, 628; Lentz v. Dallas, 96 Texas, 258; Railway Co. v. Dulein, 86 Texas, 450; Able v. Sparks, 6 Texas, 349; Wright v. State, 10 Texas Crim. App., 476; Rangel v. State, 22 Texas Crim. App., 642; and Ashlock v. State, 16 Texas Crim. App., 13.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*