### J. Y. Maddox v. The State.

#### No. 2332. Decided April 16, 1913.

**Embezzlement—Fraudulent Intent—Insufficiency of the Evidence.**

Where, upon trial of embezzlement, the evidence failed to show any fraudulent intent on the part of the defendant, the conviction could not be sustained. Following Stallings v. State, 29 Texas Crim. App., 220, and other cases.

Appeal from the County Court of Bexar. Tried below before the Hon. P. H. Shook.

Appeal from a conviction of misdemeanor embezzlement; penalty, one month confinement in the county jail.

The opinion states the case.

*Carlos Bee* and *C. C. Todd,* for appellant.—On question of insufficiency of the evidence: Mortimore v. State, 60 Texas Crim. Rep., 69, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of the embezzlement of $17, the property of A. Bernstein, and his penalty fixed at one month confinement in jail.

The evidence shows that Bernstein employed appellant to sell beer

for him on a commission basis. Appellant was to collect for the beer; that appellant sold a large quantity of beer, collected for some of the sales and that Bernstein himself collected for others. How much either collected is not disclosed by the record. Appellant sold a large quantity of beer to various persons which Bernstein refused to consummate for the reason, as stated by him, in many instances, that he had lost confidence in appellant. After appellant had been working for him something over a month, Bernstein called on him for a settlement. According as we understand from Bernstein's contention, appellant lacked $17 of paying to Bernstein the full amount that he had collected. Appellant demanded a statement from Bernstein. Bernstein refused to give it, appellant claiming, upon a settlement, Bernstein would owe him more than appellant had collected and held. Appellant offered to settle, stating to Bernstein at the time that he was ready, able and willing to do so if Bernstein would make him a statement so that he could tell what, if anything, he owed him. Taking the evidence as a whole it does not disclose whether appellant owed Bernstein or not. The best we can tell from the statement of facts is that Bernstein would owe appellant more than appellant had collected and not turned over to him. In other words, this record fails to disclose any fraudulent intent or fraudulent appropriation of any of Bernstein's money and it fails to disclose that upon a settlement appellant would have owed Bernstein anything, but indicates on the contrary that Bernstein owed him more than appellant owed him. We think the evidence wholly insufficient to sustain the conviction. Stallings v. State, 29 Texas Crim. App., 220; Loving v. State, 44 Texas Crim. Rep., 373; Mortimore v. State, 60 Texas Crim. Rep., 69.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*