HOTEL DIEU v. ARMENDARIZ. (No. 315.)†

(Court of Civil Appeals of Texas. El Paso. May 14, 1914. Rehearing Denied May 28, 1914.)

1. PLEADING (§ 205*) — DEMURRER — EXCEPTIONS.

Where the causal connection between the negligence of the master and the injury to the servant is sufficiently shown by reasonable deduction from the facts set up in the petition, the petition is good against a general demurrer, although a special exception to its sufficiency in that respect would have been well taken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

2. PLEADING (§ 403*) — PETITION — CURE BY ANSWER.

Where a servant's petition for damages for injuries sustained was defective in not showing causal connection between the master's negligence and the injury, an answer, which alleged that the proximate cause of the injuries, if any, was the negligence of fellow servants cured the defect in the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

3. CHARITIES (§ 45*)—LIABILITY FOR TORTS—INJURIES TO EMPLOYÉ.

A charitable hospital, which administers to the sick of all nations and creeds, accepting pay if the patients are able to pay, but otherwise rendering the service gratuitously, is liable for damages to an employé for personal injuries sustained through its negligence, and its property is not exempt from execution to enforce the payment of such demand.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 80, 81, 102–104; Dec. Dig. § 45.*]

4. MASTER AND SERVANT (§ 151*) — INJURIES TO SERVANT — DUTY OF MASTER — WARNING AND INSTRUCTING SERVANT.

Whether a charitable hospital was liable for the negligent act of its employés or not, it is liable for injuries to a servant caused by the negligent failure to warn and instruct the servant, since that is the duty which cannot be delegated by the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 298; Dec. Dig. § 151.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Ramona Armendariz against Hotel Dieu. Judgment for the plaintiff, and defendant appeals. Affirmed.

See, also, 145 S. W. 1030.

T. A. Falvey and Davis & Goggin, all of El Paso, for appellant. Ralf Border, Gunther Lessing, and O. L. Bowen, all of El Paso, for appellee.

HIGGINS, J. Ramona Armendariz brought this suit to recover damages arising from personal injuries, sustained while in the service of appellant. At the time of the accident she was engaged in operating a mangle, and received injuries to her hand upon which the suit is based. It was alleged that the mangle was dangerous and its operation hazardous; that she was a minor, inexperienced and ignorant of its danger and of the proper method of its operation, and defendant was negligent in failing to give proper instruction and warning regarding the mangle and its operation. Defendant answered by exceptions, general denial, and a special plea as follows:

"That on or about the 7th day of July, A. D. 1892, defendant was duly incorporated by and under the laws of the state of Texas for the purpose of erecting and maintaining a hospital in the city of El Paso, Tex., for benevolent and charitable purposes, at which hospital the members of said corporation are to administer to the sick and afflicted of all nations, and to enable its members to receive the sick, the helpless and afflicted, and to nurse and care for and alleviate their pain and suffering, and to restore them as far as possible to health; that by the terms of said charter said corporation is to exist for 50 years from said date of 1892, and that it has still thereafter existed and now exists and owes its life and function to said charter; that the members of said corporation are Sisters of Charity, and that no person can be at any time a member of said corporation un-

less she is a Sister of Charity; that there is no capital stock, and no stockholders in said corporation, and no profits or dividends have ever accrued or can accrue to any person from or by reason of said corporation; that defendant, as to all property and moneys in or to which it has or may acquire title or interest, holds and will hold same only in trust for the charitable use and purposes for which it is organized; that at all times since the organization of said corporation, said defendant, in compliance with its charter power and obligations, has received into said hospital the sick and afflicted of all nations, and has administered to, nursed, and cared for such sick and afflicted, without profit; that if any such sick or afflicted who are received in said hospital are able and willing to pay for such care and nursing, the same is received, and the money so received is by defendant applied to the paying for the care and nursing of· such sick and afflicted received in said hospital as are poor and unable to pay for their care and nursing; that it was organized and exists for charity, and is a public charity corporation, and that it administers to the sick and afflicted poor of all nationalities without any regard to any consideration of class or of social or religious associations, and receives, nurses, cares for, and maintains the said helpless and afflicted poor in vast numbers, without any compensation whatever; that the members of said defendant corporation devote their time and labor to the care and nursing of the sick and afflicted without receiving any compensation therefor; that neither the said defendant corporation nor any member of said corporation receives any profits for the care and nursing of said sick and afflicted, and that all the property owned· by said defendant, and all money received from patients who are able and willing to pay for the care and nursing, is used entirely for said charitable purpose of caring for the sick and afflicted in accordance with the provisions of the charter of said defendant. Defendant states that the work of ironing clothes by means of said mangle was a part of the work necessary to be done and being done for the purpose of taking proper care of said patients in defendant's hospital, and was part of the work of washing the hospital linens for the use of patients under defendant's care; that said institute, Hotel Dieu, obtains its property, subsistence, and maintenance from donations, bequests, contributions, and payments aforesaid, by patients able and willing to financially aid said charity in return for hospital accommodations furnished to them, without any profit possible of attainment to the members of said corporation, whose services are given thereto as a gratuity; that all funds and property held or holdable by said corporation are, for the sole object and purpose of said public charity, a special trust assumed by it under the Constitution and laws of Texas; that it does not and cannot own funds or property subject to execution for damages herein sued for; and that judgment against it for the alleged wrongs set up by plaintiff would be nugatory and to no purpose."

[1] A number of assignments are predicated upon the proposition that the petition is insufficient and subject to general demurrer because it is not averred that the injury complained of was proximately caused by the negligence alleged. Upon general demurrer every reasonable intendment arising upon the pleading excepted to must be indulged in favor of its sufficiency. Applying this rule, the causal connection between the alleged negligence and injury is sufficiently shown by reasonable inference and deduction from all of the facts set up in the petition. Bald-

ridge v. Cartrett, 75 Tex. 628, 13 S. W. 8; Ry. Co. v. Hinzie, 82 Tex. 623, 18 S. W. 681; Campbell v. Walker, 22 S. W. 823; Erwin v. Hayden, 43 S. W. 610. Had a special exception been urged to the sufficiency of the petition in this respect, it would have been well taken, as the causal connection should be· directly averred and not left 'to inference or deduction; but, in the absence of such an exception,· the petition here considered is regarded as sufficient.

[2] Furthermore, a defective petition may be aided and cured by averments in the answer and for this purpose both may be considered in passing upon a general demurrer. Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511; Peoples v. Brockman (on rehearing) 153 S. W. 907; Gaston v. Wright, 83 Tex. 282, 18 S. W. 576; Hill v. George, 5 Tex. 87; Wright v. McCampbell, 75 Tex. 644, 13 S. W. 293; Weathered v. Golden, 34 S. W. 761; Hennessy v. Clough, 40 S. W. 157; Gould on Pleading, § 192.

Defendant in its answer specially averred:

"That if said Ramona Armendariz sustained personal injuries pleaded and charged in the petition of plaintiff, the proximate cause of said injuries, if any, was the negligence, not of defendant nor of its agents or representatives, or of any one whose negligence is in law chargeable against defendant, but of fellow servants of said Ramona Armendariz, her coemployés on the occasion charged, for whose negligence defendant is not in law responsible, and of whose negligence plaintiff, Ramona Armendariz, assumed the risk."

By the answer the question is thus sharply raised whether defendant's negligence was the proximate cause of the injury. Conceding, therefore, the insufficiency of the petition in this respect, the defect was thus aided and cured by the answer. Fitzhugh v. Conner, 32 Tex. Civ. App. 277, 74 S. W. 83; Gaston v. Wright, supra; Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270; Melton v. Beasley, 56 Tex. Civ. App. 537, 121 S. W. 575; Ry. Co. v. Miller, 128 S. W. 1165.

[3, 4] The trial court properly sustained the exception to that portion of the answer first above quoted. This question was fully considered and passed upon by the San Antonio Court of Civil Appeals upon the former appeal of this case. Armendarez v. Hotel Dieu, 145 S. W. 1030. It was there held that a corporation of a charitable nature, such as appellant, is liable in damages to an employé for personal injury sustained through negligence chargeable to it, and that its property is not exempt from execution to enforce payment of such demand. See, also, St. Paul's Sanitarium v. Williamson, 164 S. W. 36, by the Dallas Court of Civil Appeals, which is practically to the same effect. And since such a corporation is held subject to the ordinary rules of liability between master and servant, it would seem to necessarily follow that the doctrine of respondeat superior applies in its full vigor; but, however this may be it has no pertinency here,

where the negligence relied upon is a failure to instruct and warn. In any case in which, for any reason, the master owes his servant the duty of explaining and giving instructions regarding dangers to which his work normally exposes him, that duty is not discharged by delegating its performance to an agent. Such duty rests primarily and absolutely upon the master, and is nondelegable. 4 Labatt on Master & Servant (2d Ed.) § 1508; 17 Am. & Eng. Ann. Cases (note) p. 491; Industrial Lbr. Co. v. Bivens, 47 Tex. Civ. App. 396, 105 S. W. 831. Therefore, since appellant's duty to instruct and warn was a nondelegable duty which it owed the appellee, the doctrine of respondeat superior has no application one way or the other.

The fifth, sixth, and seventh assignments, together with the third proposition under the ninth, relate to the sufficiency of the evidence. They, and the tenth, being all regarded as without merit, are overruled.

Affirmed.