## GEORGE MOORE v. THE STATE.

### No. 5004. Decided February 5, 1919.

**1.—Theft—Automobile—Accomplice—Corroboration—Insufficiency of the Evidence.**

Where, upon trial of theft of an automobile, the State relied for a conviction upon circumstances testified to by an accomplice and by other circumstances tending to corroborate and connect the defendant with the offense, and also upon the possession of one of the tires of the automobile and its identification, but such identification was insufficient, the conviction could not be sustained.

**2.—Same—Case Stated—Identification—Entry in Book—Predicate.**

Where, upon theft of an automobile, the conviction depended chiefly upon an automobile tire found in defendant's possession, and to identify this tire. as one that was on the stolen automobile the State introduced the books kept. by the person who sold similar tires, and testified that he kept a record. showing the number of the tires sold and that his entries were made from memoranda made by the various salesmen, but this was not received by him. direct from the salesman, such testimony was inadmissible on the predicate laid for its introduction. Following Howard v. State, 35 Texas Crim. Rep., 136, and other cases.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of the theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Kibler* and *Shurtleff & Cummings,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, *Jno. B. McNamara,* County Attorney, and *D. C. Woods,* Assistant County Attorney, for the State.

MORROW, JUDGE.—The conviction is for theft of an automobile. The automobile was left on the street by the owner, and the State relied. upon circumstances testified to by an accomplice, and by other circumstances tending to corroborate him and connect the appellant with the offense. The circumstances testified to by the accomplice were, in substance, that there was found at a livery barn belonging to appellant's father, an automobile which was not in running order; that after it had remained there for some time appellant claimed to have brought. it there, took possession of it and had it repaired, and it was subsequently taken by the accomplice and another person to Fort Worth; that while it was in the barn the accomplice, at appellant's suggestion, removed from it two new tires and put them on a car belonging to appellant.

One of the circumstances relied upon by the State to show appellant's. guilt and connection with the crime, was the possession by him of one of these tires. A tire found in his possession was introduced in evi-

dence. It was a Pennsylvania tire, No. C-409098. To identify this tire as one that was on the stolen automobile, the State introduced the books kept by a witness named Jenkins. The entry introduced from the book kept by him was to the effect that a Pennsylvania tire, No. C-409098, had been sold by the firm of which he was a member or employe, to Goggan Bros., on the 16th day of January at Waco. As a predicate for the introduction of this evidence, this witness testified that his firm handled Pennsylvania tires and kept a record showing the number of the tire sold and the name of the purchaser and the date of the sale; that that record was in a book which was kept by him correctly; that his entry was made from memoranda taken from the daily sales tickets, which tickets were made by the various salesmen; that they were not received by him direct from the salesmen, but the data on these tickets which came into his possession were entered by him on the book which was introduced in evidence, his custom being to enter them on the same or the following day. He said that he supposed the only person who would know whether the ticket was correctly made or not would be the salesman who made the sale.

The admissibility of the entry made in the book is challenged by a bill of exceptions, and we think that there was no sufficient predicate laid for its introduction. The subject of entries of this character is discussed at some length by Mr. Wigmore in his work on Evidence, vol. 2, sec. 1530. The substance, in effect, of his statement of the law upon the subject is that an entry upon a book correctly made from a sales ticket or memorandum is admissible only when the correctness of the memorandum from which the entry is made is established by legal evidence. That is, that the salesman who sold the tire in the present instance having personal knowledge of the transaction, and having made a memorandum upon which the bookkeeper in making the entry acted, it is essential that proof be made that the data furnished by him in the memorandum was correct. Illustrating, he says: "For example, if S has made a written memorandum of a transaction done by him, and has given the writing to B, who has copied it and destroyed the original, then if S swears to original to have been accurately made, and if B swears the copy to be correct, the copy produced is thus by their joint testimony rendered an accurate record of the transaction." In the present instance the salesman was not introduced nor was the memorandum made by him introduced or accounted for, nor any evidence to show its correctness placed before the jury or the court upon the preliminary inquiry.

In this state of the record the accuracy of the entry made by Jenkins in his book showing the original transaction depends upon the accuracy of the information upon which he acted, and as to the verity of this information he claimed to have no knowledge. His action was based upon hearsay. There may exist in given cases circumstances which, when proved, would render an entry made in a book admissible in evidence although the testimony of the salesman was not produced. To

render it admissible, however, in the absence of the production of the testimony of the salesman, proof of the circumstances excusing the production is essential. Decisions of this court touching the phases of the subject will be found in Howard v. State, 35 Texas Crim. Rep., 136; Wade v. State, 37 Texas Crim. Rep., 403; McConico v. State, 61 Texas Crim. Rep., 48; Wyres v. State, 13 Texas Crim. App., 57; Jacobs v. State, 42 Texas Crim. Rep., 359; Johnson v. State, 42 Texas Crim. Rep., 441.

Considering the other evidence in the case, the proof of the possession by the appellant of one of the tires which was on the alleged stolen car at the time the owner missed it was of great importance. So material was it that the identification of the tire found in appellant's possession with the one purchased by the owner of the car, by illegal testimony, constitutes an error of such consequence that it requires a reversal of the judgment of conviction, which is ordered.

*Reversed and remanded.*