J. C. Norris v. The State.

No. 15911. Delivered May 24, 1933.
Reported in 60 S. W. (2d) 780.

The opinion states the case.

F. H. *Woodard,* of Corpus Christi, and K. D. *Hall,* of Refugio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor embezzlement; punishment, a fine of $50 and one day in the county jail.

From this record we learn that appellant rented certain land for the year 1931 from one Lavender, the agreement evidently being to pay as rent therefor a part of the crop, and further that before the crop was gathered Lavender sold the land to Martin who resold to Tesmelis, who in turn notified appellant to pay her the rent; also that, when a certain bale of cotton was sold, appellant demanded from the purchaser all the price obtained, claiming that he would pay no one rent until he had had a settlement with Lavender. Following this Tesmelis made complaint, charging that appellant, as her agent, had come into possession of $7.64 in money by virtue of his agency, etc., and had fraudulently embezzled, misapplied, and converted same to his own use and benefit, without the consent of said Tesmelis.

Appellant unquestionably raised the cotton on land which he had rented from Lavender. It might be conceded that ordinarily a sale of real property so rented would carry with it the right on the part of the purchaser to the rent, but such question would not be free from adjustment and settlement, possibly in a civil action, as between the transferring landlord and his tenant. It is very doubtful if a share cropper tenant can be held to have come into possession of that part of the crop agreed to be paid as rent out of what he has raised—in the sense necessary to make out the crime of embezzlement. Bacon v. State, 56 S. W. (2d) 453. Under facts such as here appear we have no doubt of the insufficiency of the testimony; it merely showing that appellant sold a bale of cotton raised by him in 1931 on land bought by Tesmelis from Lavender some time during the summer of 1931, and that appellant after having gathered and sold the cotton, refused to pay any part of the proceeds as rent to Tesmelis until he could have a settlement with Lavender. Stallings v. State, 29 Texas App., 222; Loving v. State, 44 Texas Crim. Rep., 375; Maddox v. State, 156 S. W., 206.

For the reasons mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*