## R. A. PRICE V. THE STATE.

No. 3285.   Decided December 13, 1905.

**1.—Theft by False Pretences—Indictment—Statutes Construed.**

Where an indictment, under article 86, Penal Code, as to theft by false pretenses and fraudulent representation, failed to allege the appropriation of the property after obtaining it by virtue of such false pretenses, it is defective. Under article 877, Penal Code, the goods are obtained by contract or bailment, and the fraudulent intent arises subsequent to obtaining the goods, whereas under article 861, Penal Code, the fraudulent intent must exist at the time of obtaining the property and the representation must be false. Appropriation is necessary under both articles.

**2.—Same—Indictment—Theft—Swindling—Robbery.**

Where in an indictment for theft by means of false pretenses, threats, etc., the allegations showed that the prosecutor intended to part with the title to the property, by reason of the false representation and threats made to him, it was defective, and the offense would be swindling or possibly robbery.

Appeal from the District Court of McClennan. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of theft by false pretenses; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Gallagher* and *Tom M. Hamilton,* for appellant.—On question of indictment: Heineman v. State, 22 Texas Crim. App., 44; Hickman v. State, 12 Texas Crim. App., 441; Penal Code, art. 861; White v. State, 11 Texas, 769; Abbey v. State, 35 Texas Crim. Rep., 589; Porter v. State, 23 Texas Crim. App., 295; Hernandez v. State, 20 Texas Crim. App., 151; Hornbeck v. State, 10 Texas Crim. App., 408; Cunningham v. State, 27 Texas Crim. App., 479; Berg v. State, 2 Texas Crim. App., 148.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The first count in the indictment was not submitted by the court to the jury. The second count undertakes to charge theft by false pretenses under article 861, Penal Code. The objection is made to the indictment that it fails to allege the appropriation of the property after obtaining it by virtue of the false pretenses. Where the indictment undertakes to charge specifically theft by false pretenses and fraudulent representations, under article 861, Penal Code, it is necessary that the terms of that statute be complied with in so charging the offense. Among other things, that article makes as a part of the definition of the offense, that after obtaining the money, the same must be appropriated. This indictment does not charge an appropriation. It simply charges that the goods were obtained by means of the false representation with intent to appropriate. This is not sufficient. (This does not militate against the proposition that a conviction can be had for obtaining money by false pretenses and fraudulent representations under an ordinary indictment charging theft.) There must be an appropriation charged under this article. The difference between this article and 877, Penal Code, consists in this: under article 861 the fraudulent intent must exist at the time of obtaining the money, and the representations must be false. Under article 877 the goods are obtained not by false representations but by contract of borrowing, hiring or bailment, and the fraudulent intent arises subsequent to obtaining the goods. The fraudulent intent, in other words, is conceived after legally obtaining the property. Appropriation is necessary under both statutes.

It is further contended that the count submitted by the court, and under which the conviction was obtained, does not charge theft. We think this contention is correct. It is charged that appellant and one Fuller "did then and there falsely and fraudulently represent and pretend to one N. R. Stegall, who was then and there in an extreme drunken condition, that he, the said N. R. Stegall, had assaulted an old man and knocked him down, and that said old man was seriously hurt by said assault, and that if he, the said N. R. Stegall, did not then and there sign a certain check for the sum of $250, that they, the said R. A. Price and Ed Fuller, would turn him, the said N. R. Stegall over to the officers, and that he would be incarcerated in jail; that believing and relying upon said false and fraudulent representations, so made to him as aforesaid, by the said R. A. Price and Ed Fuller, and that he, the said N. R. Stegall, did then and there execute and deliver to the said R. A. Price, and Ed Fuller said check for the sum of $250, which was of the tenor, as follows": etc. If these allegations are true, and the State is bound by and must prove them, then this is not theft. Clearly under these allegations Stegall intended to part with the property and the title to it, in order to avoid the consequences of the alleged assault on the old man. Unaccompanied by the threats, it would be swindling. Taylor v. State, 32 Texas Crim. Rep., 110; Frank v. State, 30 Texas Crim. App., 381. With the threat involved

in the transaction and alleged, it might be robbery under article 857, Penal Code. However, we are not discussing these questions, and only allude to them in regard to the contention that this is not a case of theft by false pretext under article 861, Penal Code.

There are several other interesting questions presented for revision, but as this is not a case of theft, a discussion of the remaining questions is pretermitted.

For the reasons indicated, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*