## C. E. Pickrell v. The State.

### No. 848.   Decided December 21, 1910.

**1.—Theft—Bailment—Charge of Court—Consent.**

Where, upon trial of theft by bailment, there was evidence that defendant had permission to sell the property and the court failed to charge the jury upon this phase of the case the same was reversible error.

**2.—Same—Difference between Theft by Bailment and Theft by False Pretenses.**

A conversion under bailment is based upon the idea that the fraudulent matters occurred after obtaining lawful possession of the property; if the fraudulent purpose existed at the time of getting the property by the employment of false pretext it would be theft under the general statute; and where the defendant was charged with theft by bailment and the defense's evidence showed that he had authority to take the alleged property out of the county, and dispose of it this phase of the case should have been pertinently submitted to the jury.

**3.—Same—Value—Misdemeanor.**

Where, upon trial of theft by bailment, the record showed on appeal that the value of the alleged stolen property was under the value of fifty dollars, the court should have submitted a charge on misdemeanor theft.

Appeal from the District Court of Haskell.   Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of theft by bailment; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. G. McConnell,* for appellant.—On question of the court's charge on conversion:   Bink v. State, 50 Texas Crim. Rep., 445, 98 S. W. Rep., 249.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with theft by bailment.   The indictment charged that the bailment was by hiring a wagon and a set of harness.

The State's case is that appellant hired from P. D. Solomon a wagon and set of harness for the purpose of going from Haskell to Anson in Jones County to haul oats from Anson to Haskell.   A contract was entered into probably on Tuesday, possibly Wednesday, the wagon to be returned Saturday.   For the use of the wagon and harness he was to pay Solomon the sum of one dollar per day.   Instead of going to Anson appellant took his wife in the wagon and went into Throckmorton County, thence to Bridgeport, in Wise County.   The State also introduced evidence of a witness residing at Bridgeport to the effect that appellant offered to sell him the wagon some time after reaching Bridgeport.   It is also in evidence that appellant had not paid Solomon any money on the contract. Appellant's evidence is to the effect that he did make the contract

with Solomon as indicated in Solomon's testimony, but that on the following morning, after making this contract, he went to Solomon and told him that on account of the rain leaving the roads in a muddy condition he thought he would not be able to haul sufficient amount of oats to justify the trip, and entered into another contract with Solomon. Under the terms of this contract it was agreed that he was to take the wagon and harness and use same in traveling about the country seeking employment. That in pursuance to this he took the wagon and harness, accompanied by his wife, and made a trip through Throckmorton County, and on to Wise County, stopping at Bridgeport. He also introduced evidence to the effect that he did not claim the wagon as his own, but told parties that he had it hired, and would have to send the money for it, or was going to return to Haskell and pay the amount due on the wagon. These matters and statements occurred prior to the time that the State showed through its witness that appellant had offered to sell or trade the wagon. He also introduced evidence to the effect that he had written Solomon two or three letters with reference to the wagon, and at the time of his arrest had made his arrangements to start back the following day to Haskell in order to settle up the matter with Solomon. He admitted in substance that he had offered to sell the wagon, but thought he had authority to do so, or that it would be all right, and that his purpose in selling it was that Mr. Solomon, who dealt in wagons and things of that sort, was anxious to sell the wagon, and that he would sell it and pay him the proceeds of the sale. Solomon denied getting letters from appellant. It is also in evidence on the part of appellant that he had offered to pay Solomon for the use of the wagon, but this offer had been declined after his arrest. Solomon denied this, but stated that appellant offered to give him his note for the amount due for the hire. This is a sufficient statement of the facts, we think, to dispose of the matters involved in the appeal.

1. The court charged the jury and refused special instructions requested by appellant. Applying the law to the facts the court thus charged the jury: "If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant entered into a contract of hiring with P. D. Solomon, whereby he obtained possession of a two-horse wagon and one set of wagon harness, as charged in the indictment, for the purpose of going to Jones County, Texas, but that the defendant, instead of going to Jones County, Texas, conceived the idea, while in Haskell County, Texas, of going to another and different place and for another and different purpose and with no intention of paying for the use of said wagon and with the intention of moving out of the country with same, and did so, without the consent of said P. D. Solomon, and with the intent before leaving Haskell County, of depriving said P. D. Solomon of the value of the same, and to convert it to his own use and benefit,

he would be guilty in law of the conversion of said property in Haskell County, Texas, and if you so find from the evidence, beyond a reasonable doubt, then I charge you that the venue is correctly charged in Haskell County, Texas, and if you so believe you will convict the defendant." This charge is quite vigorously attacked by appellant in his motion for a new trial, and is urged for reversal before this court. The grounds of objection are several: First, that it authorizes the jury to convict the defendant 'if they should find that he conceived the idea of appropriating the wagon and harness while in Haskell County, and if he had such intention they should convict him, and that it is nowhere mentioned in the charge that the actual appropriation of the wagon and harness should have taken place in Haskell County; second, that it authorizes the jury to convict the defendant if he conceived the idea in Haskell County of going to another and different place than Jones County, and for another and different purpose, and fails to charge the jury that this conception or idea of going to such other and different place for such other and different purpose must have been done without the consent of Solomon in order to constitute the offense; third, that the jury were authorized under the charge to convict defendant if he conceived the idea in Haskell County of going to another and different place for another and different purpose without stating anything about the purpose for which it is charged that he hired the wagon and harness; fourth, because the charge is on the weight of evidence in that the jury were directed specially and particularly to the testimony of the State witnesses Solomon and Lambert, wherein they attempted to testify that the wagon was originally hired by the defendant from Solomon for the ·purpose of going to Jones County after oats, and that no subsequent or different arrangements were ever made between said Solomon and appellant for the use of said wagon and harness, and this had the effect of instructing the jury that these facts and this testimony referred to is sufficient to show that the offense in the case was committed by the defendant and committed by him in Haskell County, and, therefore, the charge invades the province of the jury and is upon the weight of the evidence; fifth, it would be no offense for the defendant to conceive the idea while in Haskell County of going to another and different place than Jones County, and for another and different purpose than the one for which he intended going to Jones County; nor would it be an offense if he did this with no intention of paying for the use of the wagon and harness and with the intention of moving out of the county with same; nor if he moved out of the county with same without the consent of Solomon and with the intent, before leaving Haskell County, of depriving Solomon of the value of the same, because the gist of the offense is the actual appropriation of the property or conversion of the property to his own use and benefit without the consent of the owner, etc.; in other words, the offense is not committed unless

the actual appropriation is made in connection with the matters charged by the court, nor in this case would it be complete in Haskell County unless this appropriation took place in Haskell County, and that this gist of the offense was omitted by the court from his charge and that instead of charging the jury that the conversion must occur before the offense was committed, the court erroneously charged that the offense was committed if the appellant conceived the idea or had the intent of committing it. As will be observed from the statement of facts as set out in this opinion, there were two issues presented, first, that appellant hired the wagon and harness for the specific purpose of going to Jones County for the further purpose of hauling oats from Anson, in Jones County, to Haskell; second, that this contract was abrogated and a new one entered into between appellant and Solomon by which appellant was to use the wagon and go where he saw proper seeking employment. Of course, there must have been an appropriation in either event with intent to defraud.

Without taking up seriatim the grounds of objection to the court's charge, we are of opinion that the charge is erroneous and fatally so. Appellant had the legal right to have his side of the case presented to the jury, and if his testimony is to be credited by the jury he was entitled to an acquittal. His side of the case was ignored in the charge. If the case is as appellant states it, as shown by his evidence, he had the authority to take the wagon out of Jones County and to go where he pleased with it, and the mere carrying it from the county would form no reason why he should be convicted for the appropriation of it in Haskell County. He would not violate the law by simply carrying the wagon out of the county. This phase of the case should have been pertinently given in charge to the jury that they might pass upon his side of the case. He introduced evidence which was uncontradicted by any express testimony to the effect that after he reached Bridgeport he was not only not setting up claim to the wagon, but told parties that it did not belong to him, that he had it under a contract of hiring. The subsequent offer on the part of appellant to trade the wagon after reaching Bridgeport and after his statements to the effect that it did not belong to him, would tend strongly to show that if there was any appropriation on his part it occurred in Bridgeport, in Wise County. If as a matter of fact, as he testified, he had written to Solomon, stating that he would soon be in Haskell and pay for the hiring of the wagon, this would also be evidence of the fact that he had not appropriated or sought to appropriate the wagon to his own use as would his further testimony that he was offering to sell it with a view of turning over the money for the sale to Solomon. These facts were in the case, and a suitable instruction should have been given the jury presenting defendant's side of the case. We think the objections urged by appellant—some of them, at least—are well

taken. The mere conceiving to do a fraudulent act is not a fraudulent appropriation. There must be not only the fraudulent conception, but a fraudulent act in accordance with the conceived purpose. Mere intention is not punishable. There must be a combination of intent and act. If there was a fraudulent appropriation only in Wise County, Haskell County would not have jurisdiction to try the case. A conversion under bailment is based upon the idea that the fraudulent matters occurred after obtaining lawful possession of the property. If the fraudulent purpose existed at the time of getting the property and false pretenses and false pretext were employed in order to get possession of the property, with the then existing purpose of appropriating the property, and appropriation did occur, it. would be theft under the general statute, and not under the statute with reference to conversion under a contract of hiring or borrowing. This is statutory. The statute in reference to conversion under bailment was enacted to meet those cases where it was doubtful under contracts of hiring or borrowing as to when the fraudulent intent was brought into existence, whether at the time of obtaining the property or subsequently. We are not to be understood as holding that an appropriation did not occur in Haskell County. That is a question of fact to be decided by the jury under appropriate instructions. The State introduced testimony to support this theory. The evidence to prove such appropriation need not be positive in character. It may be as well circumstantial. We are only deciding that the charge did not appropriately submit. the conflicting views presented by the evidence.

2. We notice in reading the statement of facts that the value of the wagon is shown to be $8. Whether this is a wrong statement of the evidence we do not know, but Solomon testified that his wagon was worth $8 and the harness worth $15. Under this evidence this case would not be a felony, as found by the verdict of the jury. The court did not charge with reference to misdemeanor.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*