## Bertha Alvarez v. The State.

No. 11264.   Delivered January 11, 1928.

Rehearing denied February 29, 1928.

**1.—Fraudulent Conversion of Money—Theft by Bailee—Statute Construed.**

Where an indictment charged the offense commonly known as theft by bailee, but the proof also established the elements of the offense defined in Art. 861, P. C., the prosecution could be properly brought under either article of the statute and the state had the option to select the statute under which same should be prosecuted. See Lewis v. State, 48 Tex. Crim. Rep. 311.

**2.—Same—Continued.**

The fact that the prosecution might have been maintained under Art. 1429 P. C. does not establish that the prosecution could not also be maintained under Art. 1413, P. C. of 1925, if the facts bring it within the latter article. The same transaction may be an offense under both statutes. Distinguishing Pickrell v. State, 132 S. W. 938.

**3.—Same—Evidence—Other Similar Transactions—Establishing Intent—Properly Admitted.**

Evidence of similar and practically contemporaneous transactions in which the appellant perpetrated the same character of swindling on other victims was properly admitted to prove system and fraudulent intent. See Rundell v. State, 90 Tex. Crim. Rep. 410.

ON REHEARING.

**4.—Same—Bailment—Defined.**

A satisfactory definition of "other bailment" often agreed on by this court is:   That where personal property, whose title is to remain in the

owner, is delivered to another for some purpose, with the understanding express or implied, that the acceptance by such other is for the carrying out of such purpose." See Fulcher v. State, 32 Tex. Crim. App. 621, and other cases cited in opinion on rehearing.

**5.—Same—Theft by Bailee—Statute Construed.**

In the case of Lopez v. State, 37 Tex. Crim. Rep. 650, speaking through Judge Davidson, this court held: "The act of the Legislature making it theft to convert property acquired by a contract of borrowing, hiring or bailment, was passed to meet just such a case as the above. Under this last act it does not matter whether or not the party intended to convert the property at the time he acquired possession; it does not matter whether or not he resorted to any false pretenses or representations, and if he acquired possession by borrowing, hiring or as bailee, and did convert, he is guilty under Art. 877, Penal Code of 1895." (Now Art. 1429, P. C. 1925.) (Now Art. 1413, P. C. 1925). Distinguishing Pickrell v. State, 60 Tex. Crim. Rep. 572. Overruling Price v. State, 91 S. W. 571.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for theft by bailee, penalty two years in the penitentiary.

The opinion states the case.

*Tarlton & Lowe* of Corpus Christi, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE. — Appellant was indicted and convicted under the first count of an indictment charging her with a fraudulent conversion of $260 in money, the property of Lillie Olivares, which money had theretofore come into her possession by virtue of a contract of hiring and borrowing with the said Lillie Olivares, penalty two years in the penitentiary.

We are met at the outset with the contention that the facts make out a case of theft by false pretext in that a fraudulent intent is conclusively shown to exist on the part of appellant at the very time the property was acquired and that therefore she cannot be convicted under Art. 1429, P. C., which defines the offense commonly known as theft by bailee.

The evidence of the prosecuting witness is not entirely clear. It is deducible, however, therefrom that appellant, a kind of clairvoyant, represented to her that if she would bring her thirteen twenty dollar bills, she would bury same in a pot for thirty days, during which time the money and the dirt in the pot would absorb her disease and cure her. We quote a part of her testimony literally:

"She told me about my father being dead and how we had to work for our living and that I was pretty sick and that she could cure me and do me a whole lot of good and said that this cure would be brought about by bringing her these thirteen twenty dollar bills. She said that if I would bring her these thirteen twenty dollar bills that she had to bury this money there and keep it thirty days and that within thirty days I would see the difference. I let her have that money with the understanding that she would return it within thirty days and that I would bring the pot back and that she would open the pot and give me the money to return it to the bank. When I got the money, I turned it over to her for the purpose of burying it in that box and pot. The understanding was that she was to borrow the money from me for the purpose of burying it in the pot. She took the money from me and counted it in front of my presence. She was to take it and bury it and that was the reason I took it to her there, because she was going to bury it in that pot."

It is further shown that appellant, after apparently sewing the money up in a bag and placing it in the pot in the presence of witness, had the witness turn her back and pray and told her that she, appellant, would have to go in a closet and do her work. While witness' back was turned and her eyes were closed in a fervent prayer, the appellant did actually do "her work," that is she apparently swapped bags and traded witness a bunch of old newspapers for her thirteen twenty dollar bills, as witness discovered about ten days later when the scales of childish credulity had finally fallen from her eyes and she looked for her buried treasure in the "magic" pot.

This testimony is, we think, sufficient to show all the elements necessary to support this prosecution and we will not pause to consider whether the same also shows another offense. It may be true that appellant could have been prosecuted for the offense of theft by false pretext, but the law has not lodged with an accused the option to indicate or dictate for which offense he will be prosecuted where a proven transaction shows him guilty of more than one offense.

As said by Judge Henderson in the case of Lewis v. State, 48 Tex. Crim. Rep. 311:

"Appellant's motion seems to be predicated on the idea that this prosecution should have been brought under Art. 877, Penal Code,—the contention being that the evidence shows that the horses in question were hired, and that the state's evidence showed a conversion by the bailee without the consent of the

owner and with the intent to deprive him of the value of the same. The fact that this prosecution might have been maintained under Art. 877, Penal Code, does not establish that the prosecution could not also be maintained under Art. 861, Penal Code, if the facts bring it within the latter article. The same transaction may be an offense under both statutes."

We do not think the case of Pickrell v. State, 132 S. W. 938, cited by appellant, announces necessarily a contrary rule, though there are some expressions, apparently dicta, in same with which we do not entirely agree, and in so far as such are in conflict with the opinion herein expressed they are hereby overruled.

The state could carve only once from this transaction and this case was in a kind of twilight zone where any decision made by the prosecuting attorney would have been subject to criticism by appellant. The case was not swindling because there was apparently no intention that the title to the money should pass. Segal v. State, 98 Tex. Crim. Rep. 485. If the prosecution had been for theft by false pretext, there would have been some ground for applying to same the reasoning of the case of Stokely v. State, 24 Tex. Crim. App. 509.

We think the plain terms of the statute ought to and do control the question under discussion.

Objection is also urged to the admission in evidence of similar and practically contemporaneous transactions in which the appellant perpetrated the same character of swindling on other gullible victims. This testimony, we think, was admissible to illustrate her intent and to prove a system of obtaining money wholly inconsistent with the defense of lack of fraudulent intent in appropriating the money to her own use and benefit. Rundell v. State, 90 Tex. Crim. Rep. 410.

Other errors assigned have been carefully considered and are not believed to be of a character which would justify a reversal, nor of sufficient interest to make their discussion necessary.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — Appellant insists that there is no proof herein of any contract of hiring, borrowing or other bail-

ment, and that for this reason the case must fall. If the premise be true, the conclusion of appellant must also be. What is "other bailment"? We have often agreed on a sufficient definition. Same is that "Personal property whose title is to remain in the owner, is delivered to another for some purpose, with the understanding, express or implied, that the acceptance by such other is for the carrying out of such purpose." Fulcher v. State, 32 Tex. Crim. Rep. 621; Malz v. State, 36 Tex. Crim. Rep. 447; Northcutt v. State, 60 Tex. Crim. Rep. 259; Johnson v. State, 71 Tex. Crim. Rep. 206; Lee v. State, 81 Tex. Crim. Rep. 117; Moon v. State, 88 Tex. Crim. Rep. 154. How did appellant come into possession of $260 belonging to prosecuting witness? Let the prosecuting witness speak: "The last time I saw that $260 I handed it to her;" "She told me * * * she would bury this money in this box and I would take it home;" "I turned it over to her for the purpose of burying it in that box and pot, and I shall keep it for thirty days and shall return that pot to her house, and she shall open that pot and give me that $260;" "She proposed to bury the money in that pot and I was supposed to keep the pot;" "I gave her this $260 to be buried;" "She took possession of the money;" "She was to put that money in the pot to cure me."

As far as we are able to see, this supports the presence in this case of every element of a bailment as above set out. The money was delivered to appellant, the bailee, for the purpose of being by her buried in a flower pot for the curing of the bailor, to whom the pot with the money in it was to be delivered by appellant after she had buried same therein. The length of time the accused was to have possession of the property by virtue of such bailment, cuts no figure. She had it, for the benefit of the other woman, and kept it.

Appellant insists, however, that she had in her mind all the time the fraudulent purpose to deceive the prosecuting witness, and that her representations were false when made, and that therefore, though the facts overwhelmingly show her to be a thief, she is such by virtue of the provisions of Art. 1413 P. C., and therefore should not be held to be a thief by virtue of the provisions of Art. 1429 P. C. On this point we quote with approval the language of Judge Davidson in Lopez v. State, 37 Tex. Crim. Rep. 650:

"The act of the Legislature making it theft to convert property acquired by a contract of borrowing, hiring or bailment, was passed to meet just such a case as the above. Under this last act it does not matter whether or not the party intended

to convert the property at the time he acquired possession; it does not matter whether or not he resorted to any false pretenses or representations; and if he acquired possession by borrowing, hiring, or as a bailee, and did convert, he is guilty, under Art. 877, Penal Code, 1895."

As stated in the original opinion, we are not in accord with some expressions in Pickrell v. State, 60 Tex. Crim. Rep. 572, which apparently are at variance with the views expressed in the quotation above. In the last named case the court was discussing a charge held incorrect, and the things said on the issue now before us were not necessary to the decision. Appellant also cites Price v. State, 91 S. W. 571, as holding in line with Pickrell v. State, supra. What was said in that case, as in the Pickrell case, was dicta. The court was discussing the sufficiency of an indictment attempting to charge theft by false pretext in a certain county, which indictment was held bad because it did not charge in so many words the appropriation of the alleged stolen property, that being a necessary allegation where theft is charged under the provisions of Art. 1413 P. C. We do not believe those expressions in said opinion in line with what was said in the Pickrell case to be sound, and the Price case to that extent is also overruled. In our belief the enactment of these statutes, with possible overlapping provisions, were intended by the Legislature to make punishable those who wronged their neighbors and society, and there was no intention to afford such persons opportunity of escaping punishment by the plea that the accused, though guilty, could not be held liable in a particular case because forsooth he claims the prosecution should have been under some other statute closely related, but slightly different in verbiage.

Being unable to agree with any of the contentions made by appellant, the motion for rehearing is overruled.

*Overruled.*