RUDOLPH BACON V. THE STATE.

No. 15535. Delivered Jauary 18, 1933.
Reported in 56 S. W. (2d) 453.

486

The opinion states the case.

*A. D. McRae* and *Couch & Couch,* all of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, a fine of $1 and one day in the county jail.

It was charged in the information herein that appellant had possession of six hundred pounds of cotton by virtue of his rental contract for the year 1931 with his landlord M; said cotton being rent cotton raised by appellant during that year, and that he fraudulently converted said cotton to his own use, etc. From the state's testimony it appears that appellant raised five bales of cotton and a remnant of some eight hundred pounds in 1931, under an agreement by which he was to pay one-half of same as rent to M; that he sold four bales and paid half their proceeds to said landlord; that when he sold the fifth bale he did not account to M for one-half the proceeds, but that M got all of said remnant. Appellant and his witnesses testified to facts which, if true, showed that M owed appellant $31 for work, pasturage, etc., at the time of his sale of said fifth bale of cotton. Appellant testified that M agreed that the half of the proceeds of said fifth bale should go to pay what he owed appellant. These facts do not make out a case of theft of the cotton. Northcutt v. State, 60 Texas Crim. Rep., 259, Alverez v. State, 109 Texas Crim. Rep., 66. Said cotton had never been in M's possession and could not have been acquired by appellant under any contract of hiring, borrowing, or other bailment. Appellant raised the cotton and had it in his possession by virtue of such fact.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*