HERMAN LEFORS v. THE STATE.

No. 18172. Delivered April 8, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*Eddie Roark* and *Jimmie MacNicoll,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The proof on the part of the State was to the effect that on the night of the 27th of October, 1934, appellant and two

others robbed W. D. Daugherty. Mr. Daugherty and others positively identified appellant. Appellant did not testify, but introduced witnesses whose testimony raised the issue of alibi.

Bills of exception 1 to 3, both inclusive, complain of the action of the trial court in refusing to have the panel retired from the courtroom during the examination of the jurors. It was averred in the motion that appellant had been indicted in other cases and that the presence of the entire panel in the courtroom would prevent an examination of the jurors on their voir dire examination as to their knowledge of the other indictments. The motion constituted a mere pleading. In qualifying the bills of exception, the trial court states that he does not certify that the facts stated in the motion were true, and further that the appellant failed to offer any proof in support thereof. Again, the qualifications stated that it was not shown that appellant was forced to accept an unfair or prejudiced juror; nor that he was prevented from asking "any question of any prospective juror." As qualified, the bills fail to reflect error. The granting of such request is confided to the discretion of the trial court. No abuse of such discretion is shown. Norman v. State, 52 S. W. (2d) 1051.

It appears from bill of exception No. 4 that appellant filed a motion requesting the court to require the district attorney to indorse the names of all of the witnesses on the back of the indictment. This motion was granted and counsel for the State indorsed the names of some of the witnesses on the indictment. Thereafter a witness whose name had not been placed on the indictment was permitted to testify over appellant's objection. The bill of exception is qualified to the effect that the court was of the opinion that the name of said witness was unintentionally left off. Appellant made no effort to postpone or continue the case on the ground of surprise. In Shaddix v. State, 235 S. W., 603, this court used language as follows:

"Appellant also again urges that the State should not have been permitted to use certain witnesses in rebuttal whose names did not appear upon the indictment, and claims that such testimony was very hurtful to his cause, and was a great surprise to his counsel. Our procedure permits one on trial to make application for continuance or postponement in the event unforeseen testimony is offered against him, and in case he brings himself within the very reasonable rules laid down in regard to such matters, and his request is refused, this court has reversed; but in the instant case there was no such re-

quest, and no effort made to postpone or continue, and if appellant's counsel was surprised to any great extent at the testimony of said witnesses, same is not made known to us in any legal manner. The mere introduction of witnesses whose names or presence are unknown to appellant of itself constitutes no ground for the reversal of cases by this court."

See, also, Pruett v. State, 24 S. W. (2d) 41. We are constrained to hold that the bill of exception fails to reflect reversible error.

It is shown in bill of exception No. 5 that the assistant district attorney, in argument to the jury, used language as follows: "There was no testimony before the grand jury relative to O. H. Bailey." It appears that appellant, L. C. Barrow, Marvin Stark and O. H. Bailey had been indicted for the robbery for which appellant was on trial, and that the testimony showed that only three men had participated in the commission of said offense. Appellant's counsel took the position that it was a case of mistaken identity due to the fact that four men were indicted and that the testimony only showed that three had participated in the commission of the offense. The court sustained appellant's objection and instructed the jury not to consider the remarks of counsel for any purpose. The testimony adduced upon the trial makes plain the fact that none of the witnesses who were present during the robbery and who identified appellant as one of the participants had ever gone before the grand jury and identified O. H. Bailey as one of the robbers. W. D. Daugherty, the injured party, testified in answer to questions propounded by counsel for appellant that he had not at any time given testimony identifying Bailey. Others who were present when the offense was committed testified to the same effect. Under the circumstances, we are unable to reach the conclusion that the statement of counsel for the State could have injured appellant.

Bill of exception No. 9 presents the following occurrence: The court had declined to permit two witnesses called by the State to testify. In his argument the assistant district attorney referred to the fact that appellant had objected to the witnesses testifying, and stated that they would have impeached the testimony of certain witnesses offered by appellant. Appellant's objection to the argument was sustained and the jury instructed not to consider it for any purpose. The bill fails to show to what witnesses counsel for the State referred, and fails to show that said witnesses had given material testimony for appellant. If the witnesses to whom refer-

ence was made had not given material testimony in behalf of appellant it would seem that the remark of counsel for the State could not have prejudiced appellant. This court has uniformly held that the improper impeachment of a witness who has given testimony of no materiality will not constitute ground for reversal. Widener v. State, 5 S. W. (2d) 138, and authorities cited.

Bills of exception 7 and 8 relate to the cross-examination of two witnesses for appellant. It is appellant's contention that the questions propounded by counsel for the State to said witnesses charged them with falsifying and that said imputation was prejudicial to the extent that a reversal of the judgment should follow. We are unable to agree with this contention.

A careful examination of the record leads us to the conclusin that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In again urging that bills of exception numbers one, two and three reflect error appellant relies on Streight v. State, 62 Texas Crim. Rep., 453, 138 S. W., 742. It is expressly stated in said case that it "* * * would not be such error as to require a reversal * * * *in the absence of injury shown,* * * *" to refuse to exclude from the court room the veniremen during the voir dire examination. The opinion then states the circumstances which would present an extreme case and show probable injury. The trial court's qualifications to the bills in question exclude the showing of injury in the present instance.

We are still unable to see how the improper statement of the assistant district attorney as shown in bill of exception number five could have possibly hurt appellant, in view of the prompt action of the trial court in sustaining objection thereto, and in the light of all the facts regarding the identification of appellant as one of the robbers.

Appellant again insists that bills of exception numbers seven, eight, and twelve reflect error demanding a reversal. Bills seven and eight complain that in the cross-examination of two of appellant's witnesses—Claude Molock and Emmit

Molock—who had testified to an alibi for appellant, counsel for the State charged them with giving false testimony in regard to the matter.. The bills in an argumentative way recite certain facts as having occurred during such cross-examinations. In approving the bills the trial court expressly says he "does not certify the facts as stated are true." The bills were accepted by appellant with such qualification and this court is bound thereby.

Complaint is brought forward in bill number twelve claiming that when the examination of Claude Molock was concluded he was arrested at the direction of the assistant district attorney, and in the presence of the jury, and placed in jail and a charge of perjury lodged against him. Counsel for appellant moved the court to declare a mistrial and discharge the jury, and reserved exception to the refusal to do so. The trial court qualified the bill as follows:

"The witness was not arrested while the jury was in either the jury box or in the court room and the jury would not have known anything about the witness being arrested, if the defendant had not put him back on the stand to tell them about it."

It is clear that as qualified the bill reflects no such error as calls for a reversal.

The motion for rehearing is overruled.

*Overruled.*