Victor Garza (alias Victor Rodriguez) v. The State.

No. 18204. Delivered April 22, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*Raphael Cowen*, of Brownsville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rape; the punishment, confinement in the penitentiary for fifty years.

No order was entered extending the time allowed by statute for filing bills of exception. The court having a term of less than eight weeks, under the provisions of subdivision 5, Art. 760, C. C. P., appellant had thirty days from the date of adjournment, in the absence of an extension order, to prepare and file his bills of exception. The term at which the conviction occurred adjourned October 12, 1935. Appellant had thirty days from the date mentioned in which to file his bills of exception. The bills were filed November 23, 1935. Manifestly, they were filed too late and under the statute and the decisions of this court, we are not warranted in considering them. Tanner v. State, 74 S. W. (2d) 981.

Mrs. Louis Schmidt, the injured party, testified, in substance, as follows: She and her two small children, one five and the other three, were at home on the night of April 7, 1935. She had gone to bed but had left the light burning. Appellant entered her room with his trousers unbuttoned and his male organ exposed. She ordered him out and he told her he would kill her. Seizing her, he choked her and dragged her into the back yard. She fought him but he finally succeeded in throwing her to the ground. He was over her in an attempt to rape her when she called her dog. The dog responded and attacked appellant, who jumped up and ran away.

Testifying in his own behalf, appellant declared that he was at home at the time of the alleged assault. He denied that he ever entered the house of the injured party and assaulted her. Appellant's wife gave testimony corroborating him.

For the purpose of impeaching him, the State introduced in evidence a written statement by appellant to the effect that he had entered the home of the injured party on the occasion in question, but had not dragged her from her room. The statement was to the further effect that she followed him outside and staggered and fell; that he desired to have sexual intercourse with her after she fell, but she crossed her legs; that the action of the dog in chasing him away prevented him from accomplishing his purpose.

The evidence is amply sufficient to support the judgment of conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Upon original submission we declined to consider the bills of exception because they were filed too late; *no explanation or excuse therefor appearing.* In connection with appellant's motion for rehearing he makes such showing as leads us to believe the bills should be considered.

Bill of exception number one brings forward complaint at the refusal of the court to permit counsel for appellant to examine and test each juror separately and apart from the panel. This is a matter largely within the discretion of the trial court. In the absence of a showing of injury a conviction will not be reversed because accused was required to conduct the examination in the presence of the panel. Appellant was not deprived of the right of individual examination of the proposed jurors. The court's qualification excludes the idea of any possible injury. Texas Jur., Vol. 26, pages 646-647.

Bills two, three and four may be considered together. Prosecutrix testified that after appellant dragged her out in the yard quite a struggle occurred and that appellant was trying to throw her to the ground and was trying to rape her or have carnal knowledge of her. Prosecutrix testified that appellant was stronger than she, but that she kept him off of her by kicking him after he threw her to the ground, but that she was sure it was the dog that chased him off and kept him from accomplishing his purpose. Appellant objected to all of said testimony as being the expression of opinions and conclusions of the witness. If these statement objected to could be taken alone without regard to other testimony of prosecutrix the objections might have some force, but when taken in connection with her testimony in its entirety, they appear to be more in the nature of a shorthand rendition of the facts. What has been here said disposes of said bills of exception numbers two, three and four.

Bill number five complains at the admission in evidence of appellant's confession, the objection thereto being that it was obtained by force and threats. Upon said objection being made the court heard evidence thereon and overruled the objection and admitted the confession. Under the evidence in the record the court's ruling was correct. An issue of fact being made as to whether the confession was voluntary the court submitted it to the jury under instructions which were not objected to, and which were subject to none.

Bills numbers six and seven will be considered together.

A peace officer who reached the home of prosecutrix soon after the alleged offense testified that prosecutrix was very much excited; that there were abrasions or bruised places on both sides of her throat which appeared to be prints of fingers as though she had been choked. When this evidence was tendered appellant objected on the ground that the description of the condition of prosecutrix's throat was already in the record from the testimony of her husband who reached home about ten minutes after the assault, and that to permit the officer to testify to the same fact would be a repetition, and would tend to inflame the jury's mind. When the objection was urged the trial court remarked, "Your saying it doesn't necessarily make it so. The objection is overruled." Appellant then objected to the court's remark as being a comment on the weight of the evidence. There is no merit in the objection urged to the proffered evidence of the officer. Neither do we believe the court's remark can be construed as a comment on the weight of the evidence.

Bill of exception number eight reflects the following incident. Counsel for the State in his closing argument said to the jury, "I don't believe that this defendant ever thought of offering this kind of a defense until he talked with counsel for the defense." Upon objection being interposed to such argument the court said, "Let's not have any mud-slinging in this case," and turning to the jury said, "Gentlemen, I think counsel for the defense is all right; if I hadn't, I would never have appointed him to represent the defendant. Both counsel in this case are honest men, trying to do their duty." The incident seems to have been closed with the court's statement. While the court did not in so many words sustain the objection his action was equivalent thereto. In view of the court's statement to the jury we fail to comprehend how injury could have resulted to appellant.

Bills numbers nine, ten, eleven and twelve bring forward complaint at certain statements of counsel for the State in argument. We have examined each of said bills. In view of the record and the court's explanation to the bills we think no error is presented which demands a reversal.

Bills numbers thirteen and fourteen simply question the sufficiency of the evidence to sustain a conviction for assault with intent to rape, or justify the infliction of the punishment assessed. Sufficient facts are set out in our original opinion to show the evidence amply sufficient to warrant the conviction. The punishment awarded was within the limits fixed by the

law. We discover nothing to indicate that it was the result of prejudice or ill will.

Bill number fifteen simply brings forward exception to the action of the court in overruling the motion for new trial which was predicated upon the alleged errors specifically presented by the bills of exception already discussed.

Finding no error upon which a reversal might properly be based, the motion for rehearing is overruled.

*Overruled.*