# APRIL 1, 1942

ERNEST DUNLAP v. THE STATE.

No. 21867. Delivered April 1, 1942.

The opinion states the case.

*W. J. Oxford, Jr.,* of Stephenville, for appellant.

*Clint A. Barham,* County Attorney, of Stephenville, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The disposition heretofore made of this case was by reason of defects in the record, which occurred in the preparation of the transcript. Appellant was in no manner chargeable therewith. Such defects have been cured and the case is now properly before us for disposition upon its merits. All former opinions are hereby withdrawn and the following is substituted:

This is an appeal from a conviction for theft by conversion by bailee of personal property under the value of five dollars; the punishment, a fine of fifteen dollars.

The sufficiency of the evidence to support the conviction is challenged.

The charge as laid in the information was to the effect that appellant fraudulently converted to his own use ten cedar fence posts, belonging to Ila Rogers and Richard Rogers, which were in his (appellant's) possession by reason of a contract of hiring and borrowing with the parties named.

The facts show that Ila Rogers and Richard Rogers (husband and wife) and appellant traded their respective farms, and that deeds evidencing such transaction were executed and delivered. It was agreed between the parties that each should remain in possession of land so conveyed until the crops could be gathered, which would be some months thereafter. Upon the farm traded and conveyed by appellant was a chicken house and yard enclosed by a wire fence attached to cedar posts. At the time of the trade, appellant advised Richard Rogers that the chicken house and fence had not been paid for, and that, if Rogers wanted to keep them, he (Rogers) would have to pay for them. Notwithstanding this, Rogers, in his testimony, admitted that he had never paid for any of the posts or the chicken house.

It appears that, soon after the trade had been consummated, appellant became dissatisfied and wanted to trade back, but Rogers would not agree to do so, and appellant, only after Rogers had given him written notice to vacate the premises, did so; but, before leaving the place, he (appellant) tore down the chicken house and fence, and pulled the posts from the ground and carried them away. It is for the theft of these posts under such circumstances that appellant was here convicted.

It was the State's contention that the appellant was in possession of the premises under the contract with Rogers to so remain until the crops could be gathered; that this constituted the bailment, not only of the land itself but also of the fences and buildings situated thereon; and that appellant's conversion of the fence posts under such circumstances was sufficient to constitute theft by bailee.

For appellant to be guilty of the offense charged, the facts must be sufficient to show a bailment of the fence posts by Rogers to him. An essential element to constitute a bailment is that the bailor deliver the possession of the property to the bailee for a specific purpose, retaining the title thereto. Northcutt v. State, 131 S. W. 1128, 60 Tex. Cr. R. 259; Alvarez v. State, 2 S. W. (2d) 849, 109 Tex. Cr. R. 66; Bacon v. State, 56 S. W. (2d) 453, 122 Tex. Cr. R. 485. Applying that rule here, we find that Rogers, the alleged bailor, never, at any time, had possession of the fence or fence posts, and did not have title thereto, because of the agreement that the chicken house and fence were to remain the property of appellant until paid for by Rogers, which Rogers had not done. Under such facts, Rogers could not, and did not occupy the position of bailor of the fence posts to the appellant as bailee thereof.

From what has been said, it follows that the facts are insufficient to support the conviction.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.