J. D. BAREFIELD V. STATE

No. 30,916. January 13, 1960
Motion for Rehearing Overruled February 24, 1960

*Thos. H. Dent,* Galveston for appellant.

*Jules Damiani, Jr.,* Criminal District Attorney, by *Thomas L. Douvry,* Assistant Criminal District Attorney, Galveston, and *Leon Douglas,* State's Attorney, Austin for the state.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge

Our prior opinion on this appeal is withdrawn and the reversal set aside.

The conviction is for theft of a check of the value of $25.00; the punishment, two years in jail and a fine of $500.00.

A prior trial resulted in a similar verdict, the judgment being reversed by this court because of an error in the court's charge. Barefied v. State, 165 Tex. Cr. Rep. 581, 309 S.W. 2d 451.

The witness Henry Ardoin was under indictment in Galveston County for sodomy. Appellant was the arresting officer and an eye witness. Ardoin testified that early in April, 1956, appellant came to the house where he was living with his uncle and aunt and asked him for $25.00; that appellant told him that he could get his case thrown out of court; that he, Ardoin, borrowed $25.00 from Mr. Armstrong, his uncle standing good for the debt, and gave the $25.00 in money to appellant; and that appellant said everything would be all right.

As to the check which was alleged in the indictment to have been stolen, Ardoin testified that on April 15, 1956, being advised that appellant wanted to see him, he went to appellant's home; that appellant asked him if he could get another $25.00; that "He told me I had to have another $25"; that "he was still working on it to throw my case out of court. He told me he could do that."

Ardoin testified further that he went to his pastor the same day "to make a loan," and received from him the check offered in evidence signed "Rev. Geo. W. Barron", payable to the order of "Mr. Henry Ardoin" in the sum of $25.00; that he wrote his name on the back of the check and delivered it to appellant at a filling station across the street from Armstrong's Drug Store in Galveston.

The evidence offered by the state further shows that the check was paid by the bank upon which it was drawn and returned to the pastor and the proceeds from the check were deposited to the account of appellant.

Appellant testified that he received the check from Ardoin but said that he cashed it for him as an accommodation. He offered witnesses who corroborated his claim.

The failure of the court to submit the defensive issue raised by this testimony caused the reversal of the conviction at the first trial. The issue was fairly submitted at the trial from which this appeal is prosecuted, however, and was resolved against appellant.

A principal complaint is the admission of testimony relating to the first $25.00 payment to appellant by Ardoin.

The trial judge did not err in holding this evidence admissible to show intent. It was a part of the same fraudulent scheme or pretext under the state's theory. If not, it was in all respects a similar transaction, admissible to prove fraudulent intent. Alvarez v. State, 109 Tex. Cr. R. 62, 2 S.W. 2d 849; Hutcherson v. State, 35 S. W. 375.

No error is shown in the overruling of appellant's motion to have the prospective jurors separately examined in the absence of other members of the panel, no injury being shown. Elliott v. State, 117 Tex. Cr. R. 180, 36 S.W. 2d 513. Bartlett v. State, 123 Tex. Cr. R. 464, 59 S. W. 2d 157; Garza v. State, 130 Tex. Cr. R. 401, 94 S.W. 2d 439; LeFors v. State, 130 Tex. Cr. R. 426, 94 S. W. 2d 738; McLarty v. State, 165 Tex. Cr. Rep. 64, 302 S. W. 2d 420

The check described in the indictment and offered in evidence bears date of May 16, 1956. However, the evidence shows that it was drawn, delivered to Ardoin, endorsed and delivered to

appellant, charged to the maker's account and credited to appellant's account all on *April* 15 and 16, 1956.

It is apparent that the post date did not in any way affect the value of the check. It was property subject to theft even though it constituted a promissory note rather than a check. Art. 1418 P.C.; Worsham v. State, 56 Tex. Cr. R. 253, 120 S.W. 439.

Other claims of error have been considered and are not deemed reversible.

The state's motion for rehearing is granted and the judgment is now affirmed.