Freddie Ray SHEWMAKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 38314.

Court of Criminal Appeals of Texas.

Oct. 4, 1965.

Rehearing Denied Nov. 24, 1965.

James A. Moore, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant was charged with the offense of robbery by firearms, the indictment alleging that the assault was committed upon Robert Lee Tucker and that Ten Thousand Dollars in money was taken.

Following the selection of the jury, the state's motion to strike the portion of the indictment alleging the use of firearms was granted.

Trial before the jury on the charge of robbery by assault on a plea of not guilty resulted in a verdict finding appellant guilty and assessing his punishment at 18 years in the penitentiary.

The sufficiency of the evidence to sustain the jury's verdict is not challenged.

Robert Lee Tucker, a 71 year old service station attendant who was drawing a pension and social security benefits, testified that appellant came to his room on several occasions following their first meeting at a beer tavern late in 1963.

On March 6, 1964 appellant was accompanied by John Ira McClain, an ex-convict and narcotics addict, and Bob "Pop" Cox.

McClain, who appellant said was the boss, expressed an interest in purchasing Tucker's station wagon.

On the following day the three men returned to the rooming house where Tucker lived and McClain said he wanted to try out the station wagon.

Cox parked appellant's car across the street. Tucker backed the station wagon out and McClain got in beside him and directed him which way to go. Appellant got in the back seat. He told Tucker that Cox was going to stay in front of his house until they got back.

After Tucker drove for a way, McClain said he wanted to drive to see how the station wagon handled. After driving for several miles, McClain said "I've got to find a rest room here pretty quick" and turned across a cattle guard and stopped behind a mott of timber some 150 or 200 yards from the highway.

As they got out Cox drove across the cattle guard into the ranch in appellant's car.

McClain came back out of the bushes, put his hand on Tucker's hip pocket and said "They tell me that you carry a right smart of change."

At this time the three men closed in on Tucker and one of them (Cox or appellant) struck him across the side of the head, knocked him down and broke his glasses. McClain got down and tried to take Tucker's money out of his pocket but Tucker crawled under the station wagon to get away.

McClain and appellant pulled him out and appellant kicked him.

Cox stood on his legs, stomped him. He then produced a pistol and "stuck it right down to my nose and he said 'You just open your mouth and I'll blow your damn head off.'"

McClain then took from Tucker's pocket $8,000 in $100 bills and $2,000 in $20 bills, which Tucker testified represented his savings over a long period of years.

After taping Tucker's hands behind him and taking him out in the bushes, Tucker was forced to lie down and was kicked in the side by appellant and Cox. His legs were taped together and to his hands, and his mouth was taped.

The three men then left with Tucker's roll of bills.

McClain testified as an accomplice witness for the state. According to his testimony the robbery was planned by the three, and was executed as planned, and the $10,000 was divided, appellant taking a larger share to cover his expenses.

Testifying in his own behalf, appellant admitted being present with McClain, Cox and Tucker when Tucker was assaulted and robbed, but denied that he participated in any way. His version was that he believed that McClain wanted to buy the station wagon; that he attempted to prevent McClain and Cox from robbing the old man but was unable to do so, and that he refused to accept or to even look at the money that was taken in the robbery.

The jury rejected appellant's defense and resolved the issues against him. We find the evidence sufficient to sustain the verdict.

More than 225 pages of the statement of facts are devoted to the voir dire examination of prospective jurors and objections and rulings during the selection of the jury.

Eight formal bills of exception consisting of portions of the statement of facts, ob-

jections and rulings were filed, some of which were qualified.

The record reflects that after several jurors had been selected from the venire list and after what the trial court considered to be unreasonable delay, the veniremen were brought into court in groups of 12 and after being instructed and interrogated by the court, and where desired by counsel for the state and for the defense, were excused from the courtroom and returned individually for examination and for the exercise of challenges.

■ We find no abuse of discretion on the part of the trial judge in examining and instructing the veniremen in groups of 12 prior to their separate individual examination. No injury is shown. Art. 620, C.C.P.; Norman v. State, 121 Tex.Cr.R. 433, 52 S.W.2d 1051; Barefield v. State, 169 Tex.Cr.R. 76, 331 S.W.2d 754.

Appellant contends that the court erred in refusing to issue attachment for all of the veniremen who had been summoned but failed to appear.

The record reveals that, though no request was made at that time for any juror to be attached, the court on Tuesday morning ordered the sheriff to pick up every venireman who could be found anywhere and that the sheriff made a diligent effort to do so.

After 11 jurors had been selected from the venire and talesmen had been ordered and had appeared and been sworn, appellant requested that the veniremen who had not been examined or excused by the defendant be attached.

The trial judge promptly granted the request, excused the prospective jurors for an hour and directed: "Issue attachments and bring them all in if you have to bring them in under arrest."

All but three of the veniremen that could be found were brought in. The three who were not were Bonnie Simms, Mrs. Ben Curd and Mrs. Mary Conklin.

■ Venireman Bonnie Simes (or Simms) wrote a letter and called the District Clerk advising that due to the illness of her 80 year old father, whose care was solely on her hands, it was impossible for her to leave him to serve on the jury.

Mrs. Ben Curd, Jr., furnished a certificate of Dr. E. T. Ketchum, M.D., that she had a bladder condition which made it difficult for her to sit for an extended period of time.

The third venireman, Mrs. Mary Conklin, furnished to the sheriff a statement signed by Doctor McNew stating that she had a severe back problem which would prevent her from sitting for extended periods of time, such as doing jury duty.

The trial judge did not abuse his discretion in refusing to further delay the selection of the jury and have these three ladies brought into court under attachment.

The facts distinguish the case before us from Roquemore v. State, 111 Tex.Cr.R. 77, 11 S.W.2d 316, cited by appellant. The veniremen above named were not available for jury service, they being in no position to serve on the jury.

■ Appellant's next complaint is that the trial judge offered to allow him two challenges in addition to the 17 he had used, but withdrew such offer when appellant required that all absent veniremen be attached before the talesmen were interrogated.

We are cited to no authority and know of none which support appellant's claim of error in this regard.

■ Appellant's next claim of error relates to a question propounded to appellant on cross-examination: "Q. Mr. Shewmake, they tell me that your face turns red when you lie, is that correct?"

The court promptly sustained the objection to the question being highly prejudicial and instructed the jury: "Ladies and gentlemen of the jury, disregard for any

purpose, blot it out from your mind as much as is humanly possible, the question just asked."

In view of the evidence, we overrule the contention that the trial court erred in refusing to grant a mistrial.

■ The remaining bill of exception complains that the county attorney, who had not participated in the jury selection or been present throughout the trial, was allowed to make an argument to the jury.

This complaint is presented as a case of first impression. It occurs to us that it was a matter of discretion with the trial judge and no injury is shown.

The judgment is affirmed.