**Ralph Fred GREGORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42514.**

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Briscoe, Dally & Shaffer, by Carl E. F. Dally, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for misdemeanor shoplifting; the punishment was assessed at a fine of two hundred dollars and confinement in jail for six months; the confinement part of the punishment was probated for twelve months under Article 42.13, Sec. 3(b), Vernon's Ann.C.C.P.

It was alleged in the information that appellant removed two bedsheets, four packages of boy's briefs and two packages of socks from Globe Discount City, Inc. # 3.

The sufficiency of the evidence is not challenged. The record reflects that appellant entered the store and, while under surveillance, picked up two bedsheets, four packages of boy's briefs, two packages of men's socks and put them in a basket. He then went to the infants department, bent over and packed a sack, left it in the basket and went to the grocery department for some three minutes. He returned, took the sack out of the basket, put it under his arm, walked by a line at one of the cash registers without paying for the items and left the store.

In the first ground of error, appellant contends that the trial court erred in admitting evidence of an extraneous offense of shoplifting against him.

The record reflects that some thirty minutes prior to the transaction concerning the socks, briefs and bedsheets, appellant was in the shoe department of Globe Discount and tried on some boots. Later, in the ladies' shoe department, he took the price tag from a pair of ladies' shoes and went back to the boots. When he got to the cash register, there was no price tag on the boots, but he had a tag in his hand. The employees of the store made a price check. Appellant then paid the correct price for the boots and left.

Appellant testified that he did not take the price tag from the boots or from the ladies' shoes and that he paid for the boots and for the items the second time he went to the store.

The trial judge did not err in admitting the evidence concerning the boots to show intent. Under the State's theory, it was a part of the same fraudulent scheme. It was a similar transaction which happened a short time before at the same place and was admissible to show intent. See Barefield v. State, 169 Tex.Cr.R. 76, 331 S.W.2d 754.

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him." 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300. See also 1 Branch's Ann.P.C.2d, Sec. 188, p. 200.

In the second ground of error, it is contended that fundamental error was com-

**250**

mitted when the State offered into evidence a written statement of Jean Guhlin, the security officer at Globe, after she had testified and appellant's counsel had requested to see the statement. The trial court sustained the objection.

In Reagan v. State, 423 S.W.2d 335, this Court, although not approving the comments of the prosecutor, held it was not reversible error for the State to offer into evidence a statement of the prosecutrix when defense counsel requested to see the statement.

No reversible error is shown, the second ground of error is overruled.

The judgment is affirmed.